MORRISON (UNITED STATES v.). See Cases Nos. 15,817 and 15,818.

MORRISON (WOODWARD v.). See Case No. 18,008.

---

## Case No. 9,850.

### Ex parte MORROW et al.

### In re YOUNG.

[1 Lowell, 386; [1] 2 N. B. R. 665.]

District Court, D. Massachusetts. Nov., 1869.

LANDLORD AND TENANT—COVENANT AS TO FIXTURES—RIGHT TO REMOVE—FURNITURE—BANKRUPTCY—ASSIGNEE'S RIGHTS.

1. A stipulation in a lease that the premises should be occupied as a boot and shoe shop, and that all fixtures of every description should be put in by the lessee, and might be removed by him at the end of the term, provided he should have kept all his covenants, and not otherwise, and should not be removed during the term without the consent of the lessor, does not purport to give the lessor a lien on the mere furniture, though it should be fitted to the shop, if not annexed to the freehold.

2. It seems, that if such a stipulation did include furniture, it would not be valid against an assignee in bankruptcy before entry and possession taken by the lessor.

3. Such a stipulation creates a valid lien on trade fixtures annexed to the freehold, and the assignee can take them only on payment of the arrears of rent.

The bankrupt [J. B. Young] held a lease of a shop and cellar in Roxbury, rent payable

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

monthly, and owed several months' rent at the time this petition was filed. The assignees [J. H. Morrow and others] surrendered the premises to the lessor, without prejudice to their claim for certain gas fixtures, shelving, and sets of drawers, put in by the lessee, and to which the lessor asserted a title. These were sold by consent, and the dispute was submitted to the court on an agreed statement, by which it appeared that the lease provided that the premises should be "used as a boot and shoe store, and all fixtures of every description are to be put into said premises by said lessee, at his own expense," with the right to remove at the end of the term such as could be moved without injury to the premises, provided the lessee should have kept all his covenants, but otherwise not, and that none of them should be removed during the continuance of the term, without the consent of the lessor.

J. D. Ball, for assignees.

The terms of the lease are intended to secure the landlord, but they cannot have that effect, because they amount to neither a mortgage nor a pledge, and the chattels remained in the possession of the lessee.

J. C. Park, for petitioner.

The meaning of the covenant is that all the fixtures put in by the lessee shall be a security for the rent, and this is binding on the assignee in bankruptcy, and applies to every thing now in dispute.

LOWELL, District Judge. I do not find that this lease purports to give the petitioner a lien on the furniture, but on the fixtures only. No doubt the word "fixtures" may be often used in a broad sense to include all fittings, whether affixed to the realty or not, but I do not consider such a meaning attaches to it in this case. The parties are stipulating concerning the demised premises, and they agree that the lessee shall put in trade fixtures, and may remove them at the end of the term, if he can do so without injury to the freehold, and if all his covenants have been kept, but not during the term. It is easy to see that the lease was not written by a lawyer, but this clause is very well calculated to express the contract that the tenant's right to remove the fixtures should depend on his compliance with the covenant to pay rent. Taken in its ordinary sense, and in connection with the proviso that in case of breach, the petitioner might enter and expel the lessee and remove his "effects," it must refer merely to fixtures strictly so called. If the parties intended to give the landlord a lien on those articles which were merely fitted to the room but not affixed, they ought to have made this intent clear, and to have regulated the matter more carefully. But it is very doubtful whether such a covenant would have created a lien that could have been enforced against the assignee. Distress

for rent has no place in the law of Massachusetts, and an agreement that chattels on the premises shall be at the disposal of the lessor as security for rent is not valid against creditors of the lessee before entry. Butterfield v. Baker, 5 Pick. 522. The bankrupt law [of 1867 (14 Stat. 517)] preserves all liens, but it does not undertake to enforce a mere covenant of this kind which by the law of the place creates no valid lien.

So far as the fixtures are concerned, I see no objection to the lien. The act of affixing them to the freehold takes them out of the category of chattels, and is notice to creditors and to all the world, that the right of removal will depend on the contract between landlord and tenant. The right of the tenant to remove trade fixtures may well enough be called rather a privilege than a property, and it is one that he may lawfully waive or modify by the terms of the lease, without the form of either a pledge or a mortgage.

Applying these rules to the evidence, it is found that the sets of drawers, which were carefully fitted to the shop, but in no way fastened to it, are furniture, and belong to the assignee; the other things, which are trade fixtures, he can take only on payment of the arrears of rent. So ordered.