ROSALIE A. BLEAKLEY, Respondent, *v.* TIMOTHY J. SULLIVAN, Impleaded, etc., Appellant.

Plaintiff in April, 1890, leased to defendants McG. & G. a brick yard, for a term of years, with the privilege of taking clay and sand for the manufacture of brick from adjoining lands, the lessees to pay quarterly fifty cents per 1,000 for all brick manufactured, which were to be not less than an amount stated; the first quarter's rent to fall due July 1, 1890. The lease provided that after the first quarter the lessees should keep upon the yard brick sufficient to pay one quarter's rent; if rent was not paid, plaintiff could either re-enter or might take from the yard and sell at market prices sufficient brick to pay rent due. Said lessees paid the rent due October 1, 1890, and in that month executed to defendant S. a chattel mortgage, to secure money loaned, upon all the brick in the yard. S. paid the rent falling due January 1, 1890, and in that month

took possession and sold the brick, he becoming the purchaser. In an action to restrain defendant from removing from the yard so many of the brick as would be required to pay the rent due April 1, 1891, *held,* that whatever charge or lien upon the brick the stipulations of the lease created, it was limited to rent due or accruing at the time of a sale; that the chattel mortgage transferred the entire legal title to S., and when he paid the rent which fell due the first quarter day thereafter such charge or lien was discharged.

The parties stipulated that S. should pay the rent falling due April 1, 1891, if it should be legally determined that plaintiff had a lien paramount to the title of S. In consideration thereof a temporary injunction was dissolved and S. permitted to remove the brick. It was claimed that plaintiff, having title to the materials out of which the brick was made, title to a sufficient quantity to pay one quarter's rent always remained in, and by the lease was reserved to her until such rent was paid. *Held,* untenable; that by the stipulation plaintiff was precluded from raising that question; and that under the lease, title to the brick was in the lessees.

*Andrews* v. *Newcomb* (32 N. Y. 417); *Wisner* v. *Ocumpaugh* (71 id. 113); *McCaffrey* v. *Woodin* (65 id. 459), distinguished.

*Bleakley* v. *Sullivan* (62 Hun, 243), reversed.

(Submitted October 9, 1893; decided November 28, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 14, 1891, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought to procure an injunction restraining defendants from removing bricks from a brick yard belonging to plaintiff.

The facts, so far as material, are stated in the opinion.

*Franklin Couch* and *Cyrus Wm. Horton* for appellant. The only question presented to the court for its decision is whether or not the plaintiff, on February 7, 1891, had a valid and subsisting lien upon the brick then upon the yard for the quarter's rent coming due April 1, 1891, paramount to the title of the defendant Sullivan thereto. (*H. K. & S. B. Co.* v. *Cooper,* 114 N. Y. 388; *A. N. Bank* v. *Franklin,* 55 id. 235.) Plaintiff has no common-law lien upon the brick. (Pars. on Cont. 234; Pom. Eq. Juris. § 1233; *Wood* v.

*Lester,* 29 Barb. 151 ; *Butler* v. *Miller,* 1 N. Y. 500 ; *Deely* v. *Dwight,* 132 id. 63 ; *Gardner* v. *McEneny,* 19 id. 123 ; *Cressy* v. *Sabre,* 17 Hun, 120 ; *Otis* v. *Sill,* 8 Barb. 102 ; *F. L. & T. Co.* v. *B. L. I. Co.,* 27 Hun, 89.) Plaintiff has no equitable lien. (3 Pom. Eq. Juris. § 1235.) No equitable lien will be created where there are intervening rights of third persons. (*Coats* v. *Donnell,* 94 N. Y. 177 ; *Deely* v. *Dwight,* 132 id. 64 ; *Begley* v. *Greenleaf,* 7 Wheat. 57 ; *Casey* v. *Cavorac,* 96 U. S. 467.) The clause in the lease does not sell, transfer, mortgage, charge, affect or operate upon certain specified and designated property, but (at the most) simply creates a fluctuating lien, open to release as to brick that may be sold from time to time, and taking in those that may be manufactured during each quarter. It does not create an absolute lien upon any property. (*Mittnacht* v. *Kelly,* 3 Abb. Ct. App. Dec. 302 ; *Edgell* v. *Hart,* 9 N. Y. 217 ; *Smith* v. *Cooper,* 27 Hun, 566 ; *Reynolds* v. *Ellis,* 103 N. Y. 124.) No particular property is described or identified in the lease. (Pom. Eq. Juris. § 1235 ; *Munday* v. *Taylor,* 6 Blatchf. 14 ; *Griffith* v. *Douglass,* 73 Maine, 259 ; *Seymour* v. *C. & N. F. R. Co.,* 14 How. Pr. 531 ; *Koone* v. *Philips,* 43 Ark. 350 ; *Williamson* v. *Steele,* 3 Lea, 200 ; Thomas on Chat. Mort. §§ 112–114 ; *Buskuk* v. *Cleveland,* 41 Barb. 610 ; *Croswell* v. *Allis,* 25 Conn. 312 ; *Kelly* v. *Reid,* 7 Mass. 89 ; *Richardson* v. *A. L. Co.,* 40 Mich. 203 ; *Trindall* v. *Wasson,* 74 Ind. 495 ; *Griffeth* v. *Wheeler,* 31 Kans. 17 ; *Yant* v. *Harvey,* 55 Iowa, 421 ; *Eggert* v. *White,* 59 id. 464 ; *Kinball* v. *Sattley,* 55 Vt. 285 ; 45 Am. Rep. 416 ; *Lawrence* v. *Evarts,* 7 Ohio St. 194 ; *Golden* v. *Cockril,* 1 Kans. 259 ; 81 Am. Dec. 510 ; *Warner* v. *Wilson,* 73 Iowa, 719 ; 5 Am. St. Rep. 710 ; *New* v. *Sailors,* 114 Ind. 407 ; 5 Am. St. Rep. 632 ; *Stonebreaker* v. *Ford,* 81 Mo. 532 ; *Fowler* v. *Hunt,* 48 Wis. 347 ; *Blakely* v. *Patrick,* 91 N. C. 99 ; *Richardson* v. *Kelly,* 40 Mich. 203 ; *Caldwell* v. *Trowbridge,* 33 Alb. L. J. 196 ; *Nicholson* v. *Sharp,* 58 Miss. 34 ; *Newell* v. *Warner,* 44 Barb. 263 ; *Ormsby* v. *Nolan,* 69 Iowa, 130 ; *Cass* v. *Gunnison,* 58 Mich. 108 ; *Willey* v. *Snyder,* 34 id. 60 ; *Barrey* v. *Bennett,*

.7 Metc. 354.) The clause in the lease does not create a lien, nor is it an agreement for a lien. It is a mere agreement for an additional remedy, a mere power to deal with future-acquired property. (Pom. Eq. Juris. § 1290.) This is not an action in equity to establish and enforce an equitable lien, and it cannot by the judgment of the court be converted into one. (*Wright* v. *Delafield*, 25 N. Y. 270; *Truesdell* v. *Sarles*, 104 id. 167.) Whether the clause in the lease be construed as a chattel mortgage, or as a conveyance intended to operate as a mortgage, or as an agreement for a lien, or as creating an equitable mortgage, assignment, lien or charge on the brick, it is by statute absolutely void against Sullivan, a creditor of the mortgagors, and a subsequent purchaser or mortgagee in good faith, because there was no immediate delivery followed by an actual and continued change of possession of the brick, or filing of the lease in Albany county, where Griswold, lessee and mortgagor, resided. (Laws of 1833, chap. 279; *Karst* v. *Gane*, 32 N. E. Rep. 1074; *Southard* v. *Benner*, 72 N. Y. 426; *Clark* v. *Gilbert*, 14 Wkly. Dig. 214; *N. T. Bank* v. *Wetmore*, 124 N. Y. 241, 248; *Geary* v. *Geary*, 63 id. 252; *Curtis* v. *Leavitt*, 15 id. 195; *Pickett* v. *Barron*, 29 Barb. 508; *Westbrook* v. *Gleason*, 79 N. Y. 28; Pom. Eq. Juris. § 747; Thomas on Chat. Mort. § 288; Colby on Chat. Mort. § 575; *Stewart* v. *Pratt*, 101 U. S. 751; *Aultman* v. *Guy*, 41 Ohio St. 598; *Morrill* v. *Sanford*, 49 Maine, 566; *Rich* v. *Roberts*, 48 id. 548; 50 id. 595; *Granger* v. *Adams*, 90 Ind. 97; *Westlake* v. *Westlake*, 47 Ohio St. 315; *Briggs* v. *Lertelt*, 41 Mich. 79.) Leases containing lien clauses are "mortgages or conveyances intended to operate as a mortgage." *(Duffers* v. *Bangs*, 43 id. 52; 122 N. Y. 423; *Steffin* v. *Steffin*, 4 Civ. Pro. Rep. 179; *Thomas* v. *Bacon*, 34 Hun, 88; *Reynolds* v. *Ellis*, 34 id. 47; 103 N. Y. 115; *Weed* v. *Stanley*, 12 Fla. 166; *Pitkins* v. *Fletcher*, 47 Iowa, 53; *Lanphere* v. *Lowe*, 3 Neb. 131; *Smith* v. *Norman*, 19 Ohio St. 145; *In re Dyke*, 9 Bank. Reg. 430; *Cleveland* v. *Potter*, L. C. [10 Ch.] 8, 12; Pom. Eq. Juris. § 645.) The plaintiff is not the owner of the brick. (Tiedman on Sales, §§ 1, 86; 94 U. S. 762; 82 N.

Y. 478; 20 Wkly. Dig. 144; 1 Sandf. Ch. 52; 69 N. Y. 346; 14 Mass. 93; *Woodworth* v. *Payne*, 74 N. Y. 199; *Lyon* v. *Hersey*, 103 id. 270; *Gallaher* v. *Herbert*, 117 Ill. 160; *Board of Education* v. *Trustees*, 63 id. 204; *Countryman* v. *Beck*, 13 Abb. [N. C.] 110; *Howell* v. *L. I. R. Co.*, 37 Hun, 38; *Jowle* v. *Remsen*, 70 N. Y. 311; 6 Lawson on Rights and Rem. § 2808.)

*S. W. Rosendale* and *David W. Travis* for respondent. The lessee never obtained more than a qualified title to the brick in question, and the defendant Sullivan, by reason of the foreclosure of his chattel mortgage, never succeeded to any other or greater rights than were possessed by the lessees, and such titles so obtained by the lessees and succeeded to by the defendant Sullivan, were at all times subject to the provisions of the lease and the rights of the lessor therein preserved. (2 Washb. on Real Prop. 26; 22 Wend. 433; *Pierce* v. *Keator*, 70 N. Y. 421, 422; *Huntington* v. *Asher*, 96 id. 604; *Andrews* v. *Newcomb*, 32 id. 417.) The lien of the lessor on the brick manufactured was secured in the lease; the lease was properly filed as a chattel mortgage, and the lien thereof was prior and superior to the lien of the chattel mortgage of the defendant Sullivan. (*Wisner* v. *Ocumpaugh*, 71 N. Y. 113; *McCaffrey* v. *Woodin*, 65 id. 459; *Smith* v. *Tabor*, 46 Hun, 313; *H. L. Co.* v. *Covert*, 35 Mich. 254; *Nelson* v. *Neil*, 15 Hun, 383; *Cagwin* v. *Town of Hancock*, 84 N. Y. 532; *Stutsman Co.* v. *Wallace*, 142 U. S. 293; *Page* v. *Larrowe*, 51 N. Y. S. R. 35.) The defendant Sullivan, having gone into possession of the premises under the provision of the lease, and having paid one quarter's rent thereon, became bound by all the provisions of the lease and is now estopped from attempting to free himself from any of its burdens. (*People ex rel.* v. *Dudley*, 58 N. Y. 323; *Pardee* v. *Stuard*, 37 Hun, 259.)

MAYNARD, J. The defendants McGuire and Griswold leased of the plaintiff a brickyard, with the privilege of taking clay and tempering sand for the manufacture of brick from adjoin-

ing lands, for the period of five years, at a rent of fifty cents per thousand for all brick manufactured in any year, not less than three and one-half millions, payable quarterly. The lease provided that after the first quarter's rent became due, the lessees should keep upon the yard brick sufficient to pay one-quarter's rent, and if the rent was not paid the plaintiff might either re-enter and take possession of the yard, or she might take from it and sell at market prices sufficient brick to pay the rent due, with the necessary expenses of taking and selling the same. The quantity of brick required to pay one-quarter's rent may, for the purposes of this action, be deemed to be 125,000. The lease was executed April 28th, 1890. The first quarter's rent became due July 1st, which was paid, and also the rent which fell due October 1st. October 20th the defendant Sullivan loaned to the lessees $6,500, which, with previous loans, amounted to $13,500; and the lessees executed to him a chattel mortgage by which they sold to him all the brick then upon the yard to secure the payment on demand of the moneys thus loaned, which mortgage was filed as required by law. The plaintiff's lease was filed in the clerk's office of the town where the yard was situated and one of the lessees resided, but not in the city of Albany where the other lessee lived. When Sullivan took his mortgage he had no actual notice or knowledge of the existence of the condition in the lease. The case does not disclose the precise date when he assumed possession of the property, but it is shown that after giving due notice he sold it at public auction on January 12th, 1891, and became the purchaser at such sale. He also paid the rent to plaintiff which became due on January 1st. Subsequently and before Feb. 7th, Sullivan began to remove the brick from the yard, when plaintiff brought this action to procure a permanent injunction restraining him from removing so much of the brick as might be required to pay the rent falling due April 1st, and obtained a preliminary injunction order restraining him from removing 125,000 during the pendency of the action.

By a stipulation of the parties, it was agreed that Sullivan

should pay the rent falling due April 1st, if it should be legally determined that on Feb. 7th the plaintiff had a lien upon the brick, paramount to his title under the chattel mortgage and the foreclosure thereof, and in consideration of this agreement the temporary injunction was dissolved and Sullivan was permitted to remove the brick, leaving only the question of the lien to be decided by the court.

The Special Term found, as a conclusion of law, from these facts, that the lease secured to the plaintiff a valid equitable lien upon the brick, which was superior to defendants' right, and she was, therefore, entitled to judgment. The General Term affirmed the judgment, not upon the ground that plaintiff had a lien upon the property, but because she had the title to the materials out of which the brick were manufactured, and, therefore, the title to the manufactured product with which she had never parted, but which, by the terms of the lease, she had reserved to herself.

The plaintiff has, we think, precluded herself by her stipulation, from raising this question, or relying upon it to defeat the title of the appellant. The parties have limited the controversy, as they might lawfully do, to the determination of a specific question, and we cannot go beyond the range of inquiry which they have defined. (*H. K. & S. Bk. Corp.* v. *Cooper*, 114 N. Y. 388.)

By their agreement it is admitted that the title to this property is in the appellant, and the judgment of the court is sought only upon the question whether that title is subject to a valid and subsisting lien of the plaintiff under the terms and provisions of her lease to the other defendants. It is not, however, to be inferred that we assent to the proposition asserted by the court below, that under this lease the title to a sufficient quantity of brick to pay one quarter's rent always remained in the lessor until the rent was paid; and inasmuch as even upon the punctual payment of one quarter's rent, there began to accrue, *eo instanti*, another quarter's rent, there must, therefore, always be upon the premises brick enough to pay at least a quarter's rent. There is not in the instrument

any provision reserving the title to these brick in the plaintiff, or stipulating that the title shall remain in her until the last quarter's rent is paid. The case is barren of the feature which has been held controlling in the cases cited by counsel, where there has been an express reservation of the title of personal property leased or transferred, and of everything potentially derivable from it, until the rent or purchase price was paid. (*Andrews* v. *Newcomb*, 32 N. Y. 417; *Wisner* v. *Ocumpaugh*, 71 id. 113; *McCaffrey* v. *Woodin*, 65 id. 459.)

Under this lease, the brick, when manufactured, belonged to the lessees; they became invested with the full legal title, including the *jus disponendi*, and a purchaser from them in good faith, and for value, was not affected by the personal covenants in the instrument, except so far as the property purchased was subject to a charge for the rent accruing or accrued. We think full effect can be given to the stipulations in this lease by holding that whatever charge they created, was limited to the rent due or accruing at the time the sale of the property took place.

By the chattel mortgage the lessees transferred to the appellant the entire legal title, and when he paid the rent, which fell due at the first quarter day thereafter, he discharged whatever claim the plaintiff had thereon at the time of the sale to him. On January 1, 1891, the lessees had no brick belonging to them upon the premises, and hence there was no property upon which the conditions in the lease could operate. It is manifest that the parties contemplated a continuous manufacture of brick, and the sale of the manufactured product, with a proviso that sufficient should be left upon the premises during any quarter to satisfy the quarter's rent.

There is nothing in the language employed or the scope of the instrument which suggests that it was the intention of the parties to create a charge upon the brick which might be manufactured during the first quarter, which should continue until the last quarter's rent of the five years' term should be paid, and which should follow the property into the hands of an innocent purchaser for value.

As the appellant discharged whatever claim plaintiff may have had upon the property at the time of its purchase by him, it is not important to determine the precise character of the plaintiff's interest in the property.    The peculiar provisions of the lease are undoubtedly enforcible as between the parties.    How far it may be treated as a chattel mortgage so as to affect the intervening rights of purchasers for value, and without actual notice, is a question which does not admit of easy solution, and it is unnecessary here to decide it.    In no view of the situation was the appellant bound to leave upon the yard the brick which he had purchased and paid for, as security for any rent accruing later than the first quarter day after the title had become vested in him.

The judgments of the general and special terms must be reversed and a new trial granted, with costs to abide event.   .

All concur.

Judgments reversed.