## Simpson Brick Press Company v. J. H. Wormley.

1. CONTRACTS—*Providing that the Title Shall Not Pass.*—An agreement for the sale of a brick press providing that the title to and right of possession of said brick press remains vested in the vendor absolutely until the whole of the purchase price is fully paid by the vendee, while valid as between the parties, is void as to third persons without notice.

2. FIXTURES—*When a Brick Press is.*—A brick press weighing five and one-fourth tons, actually annexed to the realty by being secured to a foundation of brick walls, with bolts three or four feet long and applied to the uses to which the premises were appropriated (the making of brick), becomes a part of the realty and passes with a conveyance.

3. PARTIES—*Who Only are Necessary.*—Where the evidence shows that no one but the defendant had any interest in the subject-matter of the suit, he is the only necessary party.

Simpson Brick Press Co. v. Wormley.

4. PRACTICE—*Who Must Take Defaults.*—If a plaintiff desires to have a default taken as to a part of the defendants (they having withdrawn their pleas), or the suit dismissed as to them, he should move for such default on dismissal. The withdrawing defendants are not charged with any duty in this regard.

5. SECRET LIENS—*Subsequent Purchasers Without Notice.*—A secret lien is not binding upon subsequent *bona fide* purchasers without notice.

. Replevin.—Appeal from the Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

McKENZIE CLELAND, attorney for appellant, contended that nothing can be presumed from the fact that the press was placed on a brick foundation and firmly attached to it, for the reason that this was necessary in order to use the press at all. It could not otherwise have even been tested; and was placed in that position in accordance with the provisions of the contract of sale before it had been accepted by the purchaser. The cases are numerous in which similar articles have been held to be trade fixtures and removable; citing Harkey v. Cain (Tex.), 6 S. W. Rep. 637; Conrad v. Sagman Company, 54 Mich. 249; Runnell v. Richards, 10 Me. 429; Godard v. Gould, 17 Barb. 612; Van Ness v. Pacard, 2 Pet. 137; Second Smith's Leading Cases, 238; Sword v. Low, 122 Ill. 497; Merritt v. Judd, 14 Cal. 59; Holmes v. Tremper, 20 Johns. 29.

HILL, HAVEN & HILL, attorneys for appellee, contended that an unrecorded agreement, whereby the vendor attempts to retain a secret lien on property under circumstances manifesting that the vendee is the absolute owner thereof, is void as to third parties. Jennings v. Gage, 13 Ill. 610; Brundage v. Camp, 21 Ill. 330; Murch v. Wright, 46 Ill. 488; Chickering v. Bastress, 130 Ill. 206.

Actual notice or knowledge by a third party, that the property purchased by the original vendee was not paid for, does not invalidate the sale or affect in any way the *bona fides* of a subsequent sale. Forest v. Tinkham, 29 Ill. 141;

Porter v. Dement, 35 Ill. 478; Frank v. Miner, 50 Ill. 444; Sage v. Browning, 51 Ill. 217; Long v. Cockers, 128 Ill. 29.

The annexation of the press machine in the manner and by the means appearing in this record, made it a part of the realty, and it passed as such under the assignment of the leasehold interest by Roberson to the appellee. Thielman v. Carr, 75 Ill. 385; Dobschuetz v. Holliday, 82 Ill. 371; Stettauer v. Hamlin, 97 Ill. 312; First National Bank v. Adams, 138 Ill. 483; Knapp v. Jones, 143 Ill. 375; Fifield v. Farmers National Bank, 148 Ill. 163.

MR. PRESIDING JUSTICE CARTWRIGHT DELIVERED THE OPIN-ION OF THE COURT.

This is an action of replevin by appellant to recover the possession of a brick press which it sold, April 29, 1892, to the Millsdale Pressed Brick Company, for $2,000, under a written agreement containing the following provision:

" Tenth.   It is understood and agreed that the title to and right of possession of said brick press remains vested in the party of the first part, absolutely, until the whole of the purchase price is fully paid by the party of the second part, as herein provided; and it is further understood and agreed that the accepting of notes by the said party of the first part as evidence of said indebtedness shall not be taken as payment of said purchase money until said notes are fully paid."

The agreement was signed by appellant, and by the Millsdale Pressed Brick Company, by R. J. Roberson, president. The machine was shipped from Chicago to Millsdale, Illinois, where it was received by Roberson and placed in a building on land leased by Roberson in his own name, from T. O. Mills and wife.   The purchase price was payable in installments, and Roberson paid at different times $750, and on August 1, 1892, executed, in the name of the Millsdale Pressed Brick Company, promissory notes for the purchase money then unpaid.   The machine and premises were used for the manufacture of brick by Roberson until February 24, 1893, when he sold the plant and assigned his lease to appellee for $2,840.   Roberson was indebted to appellee in

the sum of $2,700, and that indebtedness was canceled, and the balance of $140 was paid in cash. Appellee afterward went into possession of the premises, and the suit followed. It was tried by the court without a jury, and there was a finding and judgment for appellee.

The suit was commenced against J. H. Wormley, R. J. Roberson and Millsdale Brick and Tile Company. There was no service of the writ on the defendants, but pleas were filed on behalf of all of them by Hill, Haven & Hill, attorneys. At the trial the appearances and pleas were, by leave of court, withdrawn as to said Millsdale Brick and Tile Company and R. J. Roberson, and the case proceeded to trial between the plaintiff and the defendant, J. H. Wormley, without further action as to the other defendants. A reversal is urged on that account, and it is claimed that it was wrong to try the case without a rule on the other defendants to plead and a default for want of a plea or a dismissal of the suit as to them. As far as Millsdale Brick and Tile Company was concerned, it was evidently not a natural person, and it was not alleged to be a corporation. So far as appears it was not a legal entity at all. The evidence shows that no one but the defendant Wormley had any interest in the subject-matter of the suit, and he was the only necessary party. If plaintiff wanted other defendants defaulted or its suit dismissed as to them it should have moved for the default or dismissal. The remaining defendant was not charged with any duty in that regard.

It was a material question at the trial whether the machine had become a part of the real estate. It weighed five and one-fourth tons, and was operated by means of a driving pulley connected by belt with a line shaft, receiving the power from an engine. It would not go into the building at the door, and a hole was cut in the building to let it in. An excavation having been made, a foundation of brick walls was built, and it was secured to the foundation with bolts three or four feet long. It was thus actually annexed to the realty and was applied to the uses to which the premises were appropriated, the operation of a brick yard and making brick. But it is said because the owner was a ten-

ant, the machine would be a trade fixture, which might be taken away at the end of the term, and therefore it would remain personal property. Such intention was, however, rebutted by the provisions of the lease, by which the machinery was to become an accession to the real estate and was to pass with the reversion to the lessors. We think that the machine became a part of the real estate, and the private agreement between plaintiff and Roberson, that its character should be different from what it appeared, would not change such character as to third parties without notice. Dobschuetz v. Holliday, 82 Ill. 371; Fifield v. Farmers Nat'l Bank, 148 Ill. 163.

It is also urged that the machine was not included in the sale to defendant, because Roberson did not own it, but that it was bought by the Millsdale Pressed Brick Company through him as president. There was no statement or averment in the affidavit, writ, declaration or elsewhere, that the brick company or brick and tile company was a corporation, and the evidence tends to show that Roberson was doing business under such name. He was all the company there was, and owned the leasehold estate, and transferred it to the defendant. The sale of the machine having been made and the possession having passed to the purchaser, the secret lien of plaintiff under this agreement was not valid against subsequent purchasers. Chickering v. Bastress, 130 Ill. 216; Fifield v. Farmers National Bank, *supra.*

The defendant was a *bona fide* purchaser without notice of the secret lien. He denied any knowledge on that subject, and the court was justified in finding that he had none.

The judgment will be affirmed.