# THE GEORGE BAUERNSCHMIDT BREWING COMPANY *vs.* CHARLES C. McCOLGAN.

*Surrender of Fixtures to Landlord by Acceptance of New Lease—*
*Bill of Sale.*

If a tenant, who has the right to remove certain fixtures erected by him on the demised premises, accepts from the landlord a new lease without reservation of the fixtures, the right to remove them is lost and they are considered to have been surrendered to the landlord at the expiration of the first term.    The fact that during the first term the tenant executed a bill of sale of the fixtures to a third party does not confer upon the latter a right to remove them after the acceptance of the new lease.*

---

*The Act of 1898, ch. 92, provides that the right of a tenant to remove fixtures erected by him under one demise or term shall not be lost or in any manner impaired by reason of his acceptance of a new lease of the same premises without any intermediate surrender of possession.

Appeal from the Baltimore City Court (DENNIS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, PEARCE and SCHMUCKER, JJ.

*Thomas C. Weeks*, for the appellant.

*James McColgan*, for the appellee.

PAGE, J., delivered the opinion of the Court.

This suit was brought to recover the value of certain property which was removed by the appellant from the premises of the appellee.

On the 22nd of March, 1895, the appellee leased to one George E. Klise, certain property in Baltimore City, to be used "only for the sale of liquors and tobacco," for the term of one year, beginning on the first day of April, 1895, and ending on the thirty-first day of March, 1896. Klise occupied the property but a short time. On the thirtieth day of April, he assigned the lease to Frederick A. Wineke, who, having entered into possession made such changes in the building as seemed to him requisite for the business and put in certain bar-fixtures, consisting of counter, buffet, beer-pump and fittings, mirror, &c. These fixtures were fastened securely to the wall by nails and spikes so that they could not be removed without causing considerable damage to the building. On the seventeenth day of October, 1895, Wineke assigned the lease and turned over the possession of the property to Alfred R. DeAlba. On the eighteenth day of October, DeAlba executed a bill of sale transferring the fixtures to the appellant in consideration of the sum of eleven hundred and fifty dollars. On the second day of April following, DeAlba took from the appellee a new lease of the property for the term of one year from the first day of April, 1897. In this there is no reference made to the former lease and there are no reservations of any right of the tenant to the fixtures that had been placed in the building. DeAlba remained in possession of the

premises until the sixteenth day of July, 1896, when he vacated. A few days before he left, the appellant, without the permission of the appellee, entered upon the premises and removed the fixtures, claiming the right so to do under the bill of sale, already mentioned.

The questions in the case arise upon the action of the Court in passing on the instructions offered by the parties respectively; the appellee having offered one, which was granted, the appellant two, which were rejected.

The general rule at common law is, that whatever is affixed to the soil becomes a part of it, and cannot be removed except by him who is entitled to the inheritance. This rule still obtains, so that trade-fixtures that have been attached to the soil, are, while so attached, a part of the freehold. But in the interests of trade and manufacture the tenant will be permitted to remove them, provided he does so during the existence of his term or of such farther time as he may be in possession as tenant. This right of the tenant, whereby he may sever fixtures from the freehold and restore them to their former condition as chattels, is referred to in the books as a " privilege." The limitation upon its exercise, viz., that he must do so while in possession as tenant, is obvious. If he does not exercise his privilege during that period, or indeed if he does acts inconsistent with a claim to the fixtures as distinct from the land, he is regarded as having waived his right, and the fixtures in such case, being a part of the freehold, belong to the landlord. *N. C. R. Co.* v. *Canton Co.*, 30 Md. 355. *Van Ness* v. *Pacard*, 2 Peters, 143. This whole matter has been considered by this Court with so much care in the case of *Carlin* v. *Ritter*, 68 Md. 478, that we need cite no other authority. The principle we are now affirming, is in that case clearly stated as follows; that " where a tenant quits possession or surrenders the premises unqualifiedly to his landlord, without removing or reserving fixtures, he is understood to make a dereliction of them to his landlord." The Act of 1898, chap. 92, has no application to this case,

the rights of the parties having accrued before its passage. Now, in the case at bar, the fixtures were put on the premises and the appellant's bill of sale (under which it claims) was executed, during the first lease.    The fixtures, then, became a part of the freehold, and the full extent of DeAlba's right was to restore them to their condition as chattels at any time during the term.    If he failed to exercise that right, at the end of the term the landlord's right to possess the land and the fixtures, as part of it, immediately vested.    *Talbot* v. *Whipple*, 14 Allen, 177.

It is insisted there was no surrender of the premises, anterior to the removal of the fixtures.    The first lease provided that the tenant would yield up the premises at the end of the term, provided notice to that effect was given in writing by the appellee thirty days previous to the expiration of the agreement, and that the tenant should give thirty days' notice if he desired to vacate ; " and that failing to give or receive said notice he shall become a tenant for the further term of one year."    Neither of such notices having been given, it is contended the term of the first lease did not end, and that therefore there was no surrender of the premises.    But we cannot so hold.    The tenant might, very probably, have stood upon his rights under the first lease, and held over ; but this he did not do.    He surrendered the first lease and all the rights he had under it, and accepted a new lease, which made no reference to the first nor contained any reservation whatever of any interests he may have had to the fixtures that had been attached to the building.·    In addition to this, the second lease contains a covenant to surrender the property in the same order and condition as they now are, wear and tear, &c., excepted, at the end of the term ; and also provides " that all improvements, alterations and repairs which may be put on the premises shall become the property of the lessor at the expiration of the term."

A lease " carries with it the buildings and fixtures on the premises, and the tenant accepting a lease of the lands with-

out excepting the buildings and fixtures on the premises, takes a lease of the lands with the buildings and fixtures, and acknowledges the title of the landlord to both and is estopped from controverting it." *Loughran* v. *Ross*, 45 N. Y. 792 ; *Taylor on Landlord and Tenant*, secs. 87, 88, 89. In the case just cited, the Court also said that " the acceptance of a lease of the premises, including the buildings, without any reservation of right, or mention of any claim to the buildings and fixtures and occupation under the new letting, are equivalent to a surrender of the possession to the landlord at the expiration of the first term." The same doctrine is laid down in *Carlin* v. *Ritter* (*supra*). The Court there say that " all elementary writers concur in laying down the proposition that if a tenant having the right to remove fixtures erected by him on the demised premises accept a new lease of such premises, without reservation or mention of any claim to such fixtures, and enters upon a new term thereunder, the right of removal is lost, notwithstanding his actual possession has been continuous."

The instruction which was granted is in conformity with these views. It was to the effect substantially that if the fixtures were erected by Winecke while in possession under the first lease, and if DeAlba, the assignee of Wineke on the second day of April, 1896, obtained a new lease and continued in possession of the premises until July, 1896, and the appellant about that time entered upon the premises and removed the fixtures without the consent of the appellee, then the appellee was entitled to recover, notwithstanding the execution of the bill of sale. There was, therefore, no error in allowing it. For similar reasons the defendant's two prayers were properly refused. The judgment must therefore be affirmed.

*Judgment affirmed.*

(Decided March 14th, 1899.)