## KATHERINE T. O'BRIEN *vs.* LOUIS MUELLER.

*Agreement by Landlord Authorizing Tenant to Remove Fixtures.*

Effect will be given to an agreement between landlord and tenant by which the tenant is entitled to remove articles annexed to the freehold under circumstances which would not authorize a removal in the absence of such an agreement.

The owner of a building fitted it up with certain fixtures and sold the fixtures to a tenant of the building under a contract which authorized the latter and his assigns to remove the same. The defendant became the assignee of the tenant and accepted a new lease from the landlord. *Held*, that the acceptance of the new lease did not affect the right of defendant to remove the fixtures.

Appeal from the Circuit Court No. 2, of Baltimore City (WICKES, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Hyland P. Stewart*, for the appellant.

*Louis P. Hennighausen* (with whom was *Charles F. Stein* on the brief), for the appellee.

PAGE, J., delivered the opinion of the Court.

The record discloses the following facts : Thomas J. O'Brien, the husband of the appellant, being the owner of certain real property in Baltimore City and conducting therein a bar and restaurant, fitted up the premises for the purpose of his business, with costly marble counters and bar, table, buffet, range, boiler and other things. On the 6th of November, 1885, he leased the property to William W. Christopher for a term of five years, with the privilege of an extension for a further term of two years. On the same day he sold to the said Christopher all the "stock and fixtures" then on the property, including all the articles above mentioned. In the paper then

executed, O'Brien authorized and empowered " said Christopher, his heirs or assigns to remove any or all of said property " and agreed " not to regard them or any of them as fixtures, or to hold said Christopher, his heirs or assigns responsible for the reasonable wear and tear occasioned by such removal."

On 6th January, 1888, the appellee entered into a co-partnership with Christopher, by the terms of which the former became the owner of one-half of all the articles theretofore sold to Christopher by O'Brien.    On the 6th of June, 1889, this partnership was dissolved and the appellee purchased " all the interest " of Christopher in the stock, fixtures and good will for $1,000, and on the same day by an assignment endorsed on the lease, Christopher transferred to the appellee all his rights under the lease.    This assignment was assented to in writing by O'Brien.

The appellee continued to hold the property without a new lease, during the original term, and the extension for two years thereafter.    In November, 1894, a new lease was executed by O'Brien to the appellee, for the term of one year. No reservation or mention was made in this lease, of the fixtures, nor was there any reference to the old lease.    Without any other lease in writing, the appellee continued his occupation of the premises.

O'Brien died in June, 1898, leaving a last will, by which he devised all his property to his widow the appellant, who took out letters testamentary.    After his death, the appellee paid the rent to the executrix.

. In December, 1901, the appellant filed her bill in equity substantially charging the above facts, also that she had notified the appellee to quit the premises, that the appellee had stated he was about to remove all the said articles from the premises, and that such removal would cause her "irreparable loss and injury."    The prayer of the bill, among other things, is for an injunction restraining the appellee from removing "from the premises or in any manner interfering with, the articles mentioned in the bill, save for the ordinary uses thereof, in his business."

Upon a motion to dissolve, the cause was heard upon bill, answer and testimony, and dismissed by the Court, whereupon the appellant appealed.

The only question presented to this Court or argued by the respective solicitors, is whether under all the circumstances of the case, as we have stated them, the appellee had the right to remove the several articles especially named in the bill and alleged therein to be "fixtures."

It is insisted by the appellant, that by the acceptance of the new lease of 1894, without removing or reserving the fixtures, the appellee has made a dereliction of them to the landlord, and that the case at bar therefore comes within the class to which belong the cases of *Carlin* v. *Ritter*, 68 Md. 48, and *Bauernschmidt* v. *McColgan*, 89 Md. 135. These cases do lay down the principle, as well settled law, that when a tenant accepts a new lease without removing the fixtures or reserving or mentioning claim to them, the right of removal is lost notwithstanding his actual possession has been continuous.

It may be stated in the outset that there is, at least, in one respect, a very material difference between the facts in those cases and in this.

In those cases there was no act of the landlord affecting the rights of the parties ; while in this there is the agreement of O'Brien of November 6th, 1885, wherein he sold and transferred to Christopher, his then tenant and assignor of the appellee, all of the stock and fixtures on the property, and authorized him, his heirs or assigns to remove them, and agreed not to regard them or any of them as fixtures.

In *Carlin's case* as well as *Bauernschmidt's* the decision was made on the principle, that a lease ordinarily carries with it whatever is attached to the property, and when a tenant accepts such a lease he acknowledges the title of the landlord to both the building and fixtures and is therefore estopped from controverting it thereafter.

But such an estoppel cannot arise, obviously, where the landlord has himself done some act which admits that the articles in question are not a part of the realty, but are per-

sonalty, belonging to the tenant.   If on the one hand a tenant
may do some act which will prevent him from setting up a
claim as against the landlord, on the other, the landlord may
also by his agreement equally estop himself from claiming
that the fixtures are a part of the realty.

   This seems to be well settled.  The right of removal of
fixtures is always within the control of the parties and can be
regulated by the agreement of the landlord and tenant.   It
may be extended, restricted or modified as they may agree.
*Burn* v. *Miller*, 4 Taunton, 745.

   The rule of the common law by which "whatever is affixed
or annexed to the soil or freehold becomes a part of it and
cannot be removed except by him who is entitled to the in-
heritance" may be modified or changed by the agreement of
parties.   *Walker* v. *Schindel*, 58 Md. 368.

   This agreement may be made after the annexation of the
articles.   *Sowden* v. *Craig*, 26 Iowa, 156; *Fuller* v. *Faber*, 39
Me. 522; see 13 *Am. & Eng. Ency. Law*, 2nd ed., pp. 622
and 623, and notes.   In such case the agreement will operate
as a constructive severance. *Exparte Ames*, Lowell, 567; *Shel-
don* v. *Edwards*, 35 N. Y. 279, 14 Ohio St. 558; *Smith* v.
*Benson*, 1 Hill, 176; 2 *Taylor, Landlord and Tenant*, 8th ed.,
sec. 522 and note ; *Hallen* v. *Runde*, Try. & Grangers, 967–
968.

   Here the right of removal of the specific articles in contro-
versy was modified, and extended by the express agreement
of the parties.   The appellee acquired by assignment, all the
rights in the articles which Christopher had, and in addition
to the title, became entitled to the benefit of the stipulation
that the landlord should not "regard them as fixtures, and
that Christopher and his assigns could remove them, without
being responsible for the "wear and tear" occasioned by such
removal.

   Thus by the act of the landlord, the common law presump-
tion, that the annexed articles have become a part of the free-
hold, has been overcome.   By the sale to Christopher they
were treated as personal property, which he and his assigns

had power .to remove, and by the assignment all his rights passed to the appellee.   Under these circumstances she cannot avail herself of the principles laid down in the cases upon which she relies which for the reasons given have no application to the facts of this case.

Finding no error in the decree of the Court below it will be affirmed.

*Decree affirmed.*